COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON


ORDER

Appellate case name:      Hugo Alberto Hernandez v. The State of Texas

Appellate case number:   01-16-00795-CR

Trial court case number:  1083518

Trial court:                     230th District Court of Harris County

After abating the appeal and remanding to the trial court for a hearing to determine why appellant's brief had not been filed, appellant's appointed counsel filed a brief concluding that the above-referenced appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). *Anders* requires the filing of a motion to withdraw with the brief. *See* 386 U.S. at 741, 87 S. Ct. at 1399. Appointed counsel has not filed the required motion to withdraw and has failed to comply with the requirements of *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014). *Kelly* requires an appointed lawyer to write a letter to his client to:

> (1) notify his client of the motion to withdraw and the accompanying *Anders* brief, providing him a copy of each,

> (2) inform him of his right to file a *pro se* response and of his right to review the record preparatory to filing that response, and

> (3) inform him of his *pro se* right to seek discretionary review should the court of appeals declare his appeal frivolous.

*Id.* at 319. Additionally, appointed counsel must "notify his client that, should he wish to exercise his right to review the appellate record in preparing to file a response to the *Anders* brief, he should immediately file a motion for *pro se* access to the appellate record" and counsel should include a form motion for access to the record with his letter. *Id.*

Appointed counsel's brief contains a short notice to the client of his right to file a response, but this notice is insufficient. Appointed counsel has not filed a motion to withdraw or a copy of the letter sent to appellant, or otherwise certified, that he advised

appellant that if he wishes to exercise his right to review the appellate record in preparing to file a response to the *Anders* brief, he should immediately file a motion for *pro se* access to the appellate record with the applicable court of appeals, which includes "a form motion . . . lacking only the appellant's signature and the date, . . . inform[ing] the appellant that, in order to effectuate his right to review the appellate record *pro se*, should [he] choose to invoke it, [he] must sign and date the motion and send it on to the court of appeals within ten days of the date of the letter from appellate counsel." *Id.* at 319–20.

Accordingly, we order appointed counsel, Eusebvio Chevo Pastrano, to send a letter and a form motion to appellant in accordance with *Kelly*. *See id.* We further order appellant's appointed counsel to file a motion to withdraw and provide this court with a copy of the letter and form motion sent to appellant **by October 24, 2017**. *See id.* at 320.

The order of October 3, 2017, abating and remanding to the trial court for a hearing is **WITHDRAWN** and the appeal is **REINSTATED** on the active docket.

It is so ORDERED.


Judge's signature:  /s/ Michael Massengale
                      ☑ Acting individually     ☐ Acting for the Court


Date:  October 17, 2017